**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | | |
|---|---|---|---|---|
| MYRON COX | | : | CIVIL ACTION | |
| | | : | | |
| v. | | : | | |
| | | : | | |
| OFFICER THOMAS HACKETT | | : | | |
| OFFICER JOHN DOE(s) 1-10 | and | : | | |
| TOWNSHIP OF RIDLEY | | : | No. | 05-CV-2260 |

**MEMORANDUM**

**Baylson, J.**                                                        **June 15, 2005**

## I.   Introduction

_____Presently before this Court is a "Motion for Partial Dismissal," pursuant to Federal Rule

of Civil Procedure 12(b)(6), filed by Defendants Officer Thomas Hackett ("Defendant Hackett"),

and the Township of Ridley ("Defendant Township") (collectively, "Defendants").[1]  Defendants

argue that Count III of the Complaint should be dismissed.  The Court notes that the Motion to

Dismiss is filed by both Defendants Hackett and the Township.  Count III is only brought against

Defendant Township.  For the following reasons, the Defendants' Motion will be granted.

## II.   Jurisdiction and Legal Standard

_____This Court has federal question jurisdiction under 28 U.S.C. § 1331, as this action is

brought pursuant to 42 U.S.C. § 1983 and Plaintiff alleges violations of his federal constitutional

rights.  This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to consider

Plaintiff's state law tort claims.

       When deciding whether to grant a Motion to Dismiss pursuant to Federal Rule of Civil

---

[1]  The Court notes that the Complaint names Officer John Doe(s) 1-10 as Defendants,
who have not been further identified or served and thus are not affected by this Motion.

Procedure 12(b)(6), the court accepts all well-pleaded allegations in the Complaint as true, and

viewing them in a light most favorable to the plaintiff, the motion should be granted only if it is

clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

## III.   Background

### A. Procedural Background

On April 7, 2005, Plaintiff Myron Cox ("Plaintiff") filed a Complaint in the Court of

Common Pleas of Delaware County, Pennsylvania, asserting three separate Counts.  Count I

asserts a claim against Defendant Hackett for violating Plaintiff's civil rights and depriving

Plaintiff of his rights under the Fourth and Fourteenth Amendments.[2]  (Complaint at ¶¶ 48-52).

Count II asserts a claim against Defendant Township for violating Plaintiff's federal

constitutional rights.  Id. ¶¶ 53-55.  Count III asserts state law tort claims against Defendant

Township, based upon the doctrine of respondeat superior.  Id. ¶¶ 56-58.  On May 12, 2005,

Defendants removed the case to this Court pursuant to 28 U.S.C.S. § 1441, and filed a Motion to

Dismiss on May 17, 2005.  On May 31, 2005, the Plaintiff filed a Response.

### B. Factual Background

According to the Complaint, on April 9, 2003, at approximately 6:45 p.m., Defendant

Hackett was conducting surveillance on an unoccupied stolen silver Nissan parked in Woodlyn,

Pennsylvania, at the Linden Lane Apartment Complex (the "complex").  (Complaint at ¶ 5).  At

approximately 7:00 p.m., Defendant Hackett observed a jeep entering the complex area, driven

---

[2]  In a separate Count, also labeled "Count I, Myron Cox v. Officer Thomas Hackett,"
Plaintiff seems to make identical claims against Officer John Doe(s) 1-10, even though they are
not named in the caption.

by the Plaintiff. <u>Id.</u> at ¶ 7.  Defendant Hackett then observed a man, who he mistakenly identified as the Plaintiff, enter the apartment building, return with another individual, enter the stolen vehicle, and drive off at a high rate of speed. <u>Id.</u> at ¶¶ 8-9.

In fact, the Plaintiff never left his vehicle.  He had just picked up his two sisters from their Aunt and Uncle's residence at approximately 7:00 p.m.  Upon arriving at the complex, the Plaintiff did not exit his car, but remained in his car and dropped off one of his sisters.  <u>Id.</u> at ¶¶ 10-13, 16**.**  Plaintiff states he was at the complex for two to three minutes before he left the area with his other sister still in the car.  <u>Id.</u> at ¶ 16-17.  The Plaintiff then drove his other sister to her auto mechanic in Chester, Pennsylvania.  <u>Id.</u> at ¶ 18.  After waiting fifteen (15) minutes, Plaintiff left at approximately 7:30 p.m., after his sister's mechanic arrived.  <u>Id.</u> at ¶ 18.  Plaintiff then drove to get gas, and to Home Depot to make a purchase, for which he has a receipt time-stamped at 8:06 p.m.  <u>Id.</u> at ¶¶ 20-21.  Thereafter, Plaintiff returned to his home in Folcroft, Pennsylvania, leaving his whereabouts completely accounted for throughout the time that Defendant Hackett observed and chased the stolen car.  <u>Id.</u> at ¶¶ 22-23**.**

On April 11, 2003, Plaintiff was arrested when Defendant Hackett's (unnamed) Lieutenant stopped Plaintiff's vehicle and then informed Defendant Hackett that the driver may be the individual from the evening of April 9, 2005.  <u>Id.</u> at ¶ 30.  Plaintiff was charged with receiving stolen property in addition to multiple vehicle violations, including careless driving, fleeing or attempting to elude police officers, reckless driving, obedience to traffic control devices, stop signs and yield signs, and driving at safe speed.  <u>Id.</u> at ¶ 33.  Plaintiff states that he incurred substantial legal and other expenses necessitated by Defendant Hackett's improper conduct.  <u>Id.</u> at ¶ 45.  Plaintiff claims that he suffered injury to his reputation as well as a great

deal of emotional distress as a result of Defendant Hackett's actions.  Id. at ¶¶ 45-46.

### C. Contentions

In Count III, Plaintiff asserts that under the doctrine of respondeat superior, the Defendant Township is responsible for negligent or reckless injuries to others caused by Township employees during the scope of their employment.  Plaintiff seeks judgment against the Township in excess of $50,000 for compensatory damages, plus interest, costs, damages for delay and attorney's fees as permitted by law.  (Complaint at 9-10).

The Defendants argue that Count III, asserting state law tort claims against the Defendant Township, should be dismissed because the Township is immune from liability for intentional torts claims pursuant to the Pennsylvania Subdivision Tort Claims Act ("Tort Claims Act"). (Defendant's Memo at 2-4).

In response, Plaintiff incorrectly asserts that Count III states a claim against the individual Defendant Hackett as well as the Township.  Plaintiff argues that although Section 8550 of the Tort Claims Act does not strip immunity from the municipality, it denies immunity to employees of local agencies for their intentional torts.  (Plaintiff's Response at 3) (citing Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001)).  Although Plaintiff argues that Count III against Defendant Hackett should not be dismissed because individual defendants can be sued for intentional torts and are not entitled to immunity, Plaintiff has not named Defendant Hackett in Count III.

Plaintiff further argues that it would be premature to dismiss Count III against Defendant Township without permitting discovery.  Plaintiff contends that discovery will provide Plaintiff with the opportunity to develop his arguments and investigate Defendants' claim of immunity

and ascertain whether one of the exceptions to immunity applies.  (Plaintiff's Response at 4-5).

IV.   **Discussion**

A.   **Defendant Township**

Under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, et

seq., local agencies, such as townships, are generally immune from tort liability.  The Act states,

in pertinent part:

> Except as otherwise provided in the subchapter, no local agency shall be liable for
> any damages on account of any injury to a person or property caused by any act of
> the local agency or an employee thereof or any other person.

42 Pa.C.S.A. § 8541.

Although the Act carves out eight exceptions to this governmental immunity,[3] the

Complaint does not allege any facts that state a claim under any exception that would allow

Plaintiff to pursue Count III against Defendant Township.  Therefore, Defendant Township is

entitled to immunity under the Torts Claims Act and the Defendants' Motion to Dismiss Count

III against the Township will be granted.

---

[3] Under 42 Pa.C.S.A. § 8542, acts that may impose liability upon a local agency include:
(1) Vehicle liability
(2) Care, custody or control of personal property
(3) Care, custody or control of real property
(4) Trees, traffic controls and street lighting
(5) Utility service facilities
(6) Streets
(7) Sidewalks
(8) Care, custody or control of animals.

42 Pa.C.S.A. § 8542(b).

**B.** **Defendant Hackett**

As noted above, Count III does not specifically name Defendant Hackett. Under 42 Pa.C.S.A. § 8550, local agency employees can be held liable for conduct including a crime, actual fraud, actual malice or willful misconduct. Willful misconduct has been construed by the courts to be "synonymous with the term intentional tort." Setchko v. Township of Lower Southampton, 2001 WL 229625, *4 (E.D. Pa. 2001) (internal citations omitted). However, "the conduct of a police officer will only constitute 'willful misconduct' if the officer committed 'misconduct which the perpetrator recognized as misconduct and which was carried out with the intention of achieving exactly that wrongful purpose.'" Waldon v. Borough of Upper Darby, 77 F. Supp. 2d 655, 658 (E.D. Pa. 1999) (citing In re City of Philadelphia Litigation, 938 F. Supp. 1264, 1273 (E.D. Pa. 1996)).

Therefore, because it is possible that Defendant Hackett may be subject to liability for his conduct during the course of his employment, Plaintiff is granted leave to amend his Complaint within ten (10) days in order to name the proper parties.

**V.** **Conclusion**

Because Defendant Township is the only Defendant named in Count III, and is entitled to immunity, Defendants' Motion to Dismiss Count III will be granted. Plaintiff is granted leave to amend his Complaint within ten (10) days.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MYRON COX | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OFFICER THOMAS HACKETT | : | |
| OFFICER JOHN DOE(s) 1-10      and | : | |
| TOWNSHIP OF RIDLEY | : | No.    05-CV-2260 |

## **ORDER**

AND NOW, this    15th        day of June, 2005, based on the foregoing memorandum, it is hereby

ORDERED that:

    1. Defendants' Motion to Dismiss Count III (Doc. No. 3) is granted as to the Defendant

Township of Ridley, with prejudice;

    2. Plaintiff is granted leave to amend his Complaint within ten (10) days.

IT IS SO ORDERED.

                      BY THE COURT:

                      /s/ Michael M. Baylson

                      _____

                      MICHAEL M. BAYLSON, U.S.D.J.

A:\Cox v. Ridley MTD.wpd